NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Relator*

FILED

MAY 13 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BARRY LEFFEW, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ADOBE SYSTEMS INCORPORATED, a Delaware corporation,<br><br>Defendant. | CASE NO. CV 16-7145 (NC)<br><br>**RELATOR'S RESPONSE TO EX PARTE AND UNDER SEAL ORDER REQUESTING FURTHER BRIEFING ON GOVERNMENT'S REQUEST TO UNSEAL**<br><br>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)** |

Relator Barry Leffew ("Relator") submits this filing in response to the Court's order dated April 28, 2022 (Dkt. 46), directing Relator to respond to the Government's request to unseal. Briefly, by way of background, Relator filed the Initial Complaint on December 14, 2016, and a First Amended Complaint on January 10, 2017. After the government declined to intervene and requested to unseal on December 28, 2021, Relator voluntarily dismissed the action on January 10, 2022, further requesting that the complaint and other filings remain under seal. Relator asserts herein that there is good cause to seal the action in perpetuity because (1) the case has been dismissed, and (2) unsealing would cause harm to Relator and have a chilling effect on future whistleblowers.

At this point, there is no longer a case, nothing ever came of the case, and nothing ever will come of the case. Relator brought allegations and withdrew them, without more. As a practical matter, it is as if the case was never brought. There is little if any value in unsealing the matter and revealing this non-case to the public. However, there are compelling reasons not to do so.

While Relator recognizes that there exists "a general right to inspect and copy public records and documents," "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978). "[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599. And the court's determination should be guided by the public policy reasons supporting public access, which is largely "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Here, unsealing the matter finds scant if any support from the policy justifications for public access in general. To the contrary, there are compelling public policy reasons to maintain seal.

Public access in this case could not be based on the need for federal court accountability, because the federal court never substantively engaged with the case to begin with. Relator brought his allegations, the government declined to intervene, and Relator withdrew his allegations. Policy justifications do not support unsealing at this point, because the case has been voluntarily dismissed with prejudice and will never proceed on the merits. In the sealing context, courts draw a distinction between materials that go directly to the process of adjudicating the substantive merits of a case, versus

materials that are merely ancillary to that process. For example, in *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213–14 (9th Cir. 2002), the Ninth Circuit analyzed public policy justifications for unsealing a document produced in discovery that was attached as an exhibit to a non-dispositive sanctions motion. The court reasoned that the circumstances differed from the quintessential situation where public access is most compelling, such as materials submitted as evidence in open court. *See id.* at 1213. Here, there will never be a trial or any motions addressing the merits—because there is no longer a case.

The Ninth Circuit later expanded on this rationale, explaining that "there are good reasons to distinguish between dispositive and nondispositive motions"—on the one hand "much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action," whereas "[t]he same cannot be said for materials attached to a summary judgment motion because summary judgment adjudicates the substantive rights and serves as a substitute for trial." *Foltz v. State Farm Mut. Auto Ins. Co.*, 311 F.3d 1122, 1135–36 (9th Cir. 2003). Here, the reasoning for maintaining seal is even greater than with materials submitted with nondispositive motions that are "unrelated, or only tangentially related to the underlying causes of action"—because the applicable causes of action no longer exist.

While public policy justifications do not support unsealing, the great personal harm that Relator stands to suffer compels maintaining seal. Unsealing the case would likely cause permanent and significant damage to Relator's professional reputation. Although Relator no longer works for Adobe, he remains a prominent figure in the software industry and currently works as a senior executive at another enterprise software company. Exposing him as a prior whistleblower would likely raise concerns about his "professional discretion" and "dedication to the company," not only with his current employer but also potential future employers.

Moreover, doxing a well-meaning whistleblower who brought perceived wrongdoing to the government's attention and sought to pursue justice on behalf of the government would be a disservice to the public—injecting a chilling effect over would-be relators who may instead decide against exposing fraud for fear of professional reputational harm. Relators (and potential relators) have obvious reasons to be concerned about their professional reputations when exposing fraud by bringing

cases under False Claims Act. Indeed, it is hardly a stretch to say that many potential relators decide against exposing fraud for that very reason. Exposing Relator's whistleblower status here would undoubtedly exacerbate those concerns. Public disclosure of this matter would not promote the effectiveness of relators and the False Claims Act as a means of deterring and addressing fraud against the government; rather, disclosure would hinder the scheme's effectiveness. *See, e.g., United States v. Corbitt*, 879 F.2d 224, 229 (7th Cir. 1989) ("[P]ublic disclosure of the contents of the presentence report would not promote the effective functioning of the probation office, or, by extension, the sentencing court; rather, disclosure would constitute a positive hindrance to the probation officer's performance of its obligation to provide the sentencing court with a comprehensive analysis of the defendant's character.").

In conclusion, the decision to maintain seal or not is firmly within this Court's discretion based on the particular circumstances presented. There is not a bright-line rule requiring public disclosure. And this Court should exercise its discretion to maintain seal. Relator stands to suffer great harm to his career and reputation if he is doxed as a whistleblower in this non-case. And the public policy reasons for public access to judicial records are largely absent, given that the matter will never proceed to the merits, nor did it even progress beyond the pleadings. On the contrary, unsealing will diminish the effectiveness of relators and the False Claims act as a means of exposing and remedying fraud against the government—outing Relator as a whistleblower in this instance will undoubtedly have a chilling effect on other would-be relators in weighing the pros and cons of exposing fraud.[1]

//
//
//
//
//

---

[1] In addition, the Department of Justice expressed concern that certain exhibits to Relator's original complaint contained potentially attorney-client privileged communications and/or work product. Although Relator disagreed with the government's assessment, Relator agreed to file an amended complaint excluding those exhibits (i.e., the operative First Amended Complaint). Should the Court allow unsealing of the original complaint, Relator requests the opportunity to redact the exhibits that the government was concerned about.

Accordingly, Relator respectfully requests that the entire file remain under seal. In the alternative, Relator requests that the file be unsealed with all references to Relator's name redacted. Relator will coordinate with the Department of Justice to prepare redacted versions of all documents to be unsealed.

Respectfully Submitted,

Dated: May 13, 2022

**COTCHETT, PITRE & McCARTHY, LLP**

By: _____
NIALL P. McCARTHY
JUSTIN T. BERGER

*Attorneys for Relator Barry Leffew*

# PROOF OF SERVICE

I am employed in the County of San Mateo. I am over the age of 18 years and not a party to this action. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010. On this day, I served the following document(s) in the manner described below:

1. **RELATOR'S RESPONSE TO EX PARTE AND UNDER SEAL ORDER REQUESTING FURTHER BRIEFING ON GOVERNMENT'S REQUEST TO UNSEAL**

✓ **VIA E-MAIL:** My e mail address is rgawsawadikul@cpmlegal.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

| | |
|---|---|
| Stephanie M. Hinds, United States Attorney<br>Michelle Lo, Chief, Civil Division<br>Assistant United States Attorney<br>450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102<br>Michelle.Lo@usdoj.gov | **COUNSEL FOR THE UNITED STATES OF AMERICA** |
| Jamie Ann Yavelberg<br>Sara Mclean<br>Patrick Klein<br>Civil Division<br>United States Department of Justice<br>P.O. Box 261<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Patrick.Klein2@usdoj.gov | **COUNSEL FOR THE UNITED STATES OF AMERICA** |

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Burlingame, California, on May 13, 2022.

_____
RENAE GAWSAWADIKUL