1 BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
2
STEPHANIE M. HINDS (CABN 154284)
3 United States Attorney
MICHELLE LO (NYBN 4325163)
4 Chief, Civil Division
Assistant United States Attorney
5     450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
6     Telephone: (415) 436-7180
    Facsimile: (415) 436-7169
7     Email: Michelle.Lo@usdoj.gov

8 JAMIE ANN YAVELBERG
SARA McLEAN
9 PATRICK KLEIN
Attorneys
10 Civil Division
United States Department of Justice
11     P.O. Box 261
    Ben Franklin Station
12     Washington, D.C. 20044
    Telephone: (202) 305-2447
13
Attorneys for the United States of America

**FILED**

May 27 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES ex rel. BARRY LEFFEW, an individual,<br><br>    Plaintiff(s),<br><br>v.<br><br>ADOBE SYSTEMS INCORPORATED, a Delaware corporation,<br><br>    Defendant. | Case No. 16-cv-7145 NC<br><br>**UNITED STATES OF AMERICA'S RESPONSE TO *EX PARTE* AND *UNDER SEAL* ORDER REQUESTING FURTHER BRIEFING ON GOVERNMENT'S REQUEST TO UNSEAL**<br><br>**FILED UNDER SEAL** |

By Order dated April 28, 2022, the Court ordered the Relator and the United States to submit further briefing to address the Government's request that certain filings in this qui tam action be unsealed and that certain filings remain sealed. ECF No. 46. In its Notice of Election to Decline Intervention, ECF No. 42, the Government requested that the Relator's complaint (subject to any redactions Relator may seek), the amended complaint, the summons, the Case Management Order, the Notice and attached proposed Order be unsealed, and that "all other papers on file in this action remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended."

The United States' requests to extend the seal and the accompanying Court orders thereon should remain under seal. The federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, is the source of authority for the sealing of these documents. *See* 31 U.S.C. § 3730(b)(3). The FCA expressly provides for the unsealing only of a relator's complaint once the United States makes its intervention decision, and says nothing about lifting the seal as to requests to extend the intervention election deadline. Even if the FCA does not require the Court to maintain the seal over these requests after the intervention decision, unsealing filings that reflect the Government's investigative efforts could impair the Government's ability to provide the Court with detailed information regarding the nature and progress of its investigation in support of its seal extension requests. As discussed below, the Government's seal extension requests disclosed to the Court substantive, non-public details about the progress, approach, and scope of the investigation into this complex case, and should remain under seal even after the action has been unsealed. *See Brunson v. Lambert Firm PLC*, 757 F. App'x 563, 566 (9th Cir. 2018) (holding that district court did not abuse discretion in keeping sealed in FCA case government memoranda that "disclosed confidential information concerning the government's internal investigation of the allegations in the complaint" where district court had found "that unsealing the memoranda would jeopardize future investigations").

UNITED STATES OF AMERICA'S RESPONSE TO EX PARTE & UNDER SEAL ORDER REQUESTING FURTHER BRIEFING ON GOVERNMENT'S REQUEST TO UNSEAL
CASE 16-CV-7145-NC

1

1  **I.  The Government's Seal Extension Requests Provide Detailed, Non-Public Information Regarding Its Investigative Efforts and Compelling Reasons Support Maintaining the Seal Over These Requests**

The FCA does not contemplate the unsealing of seal extension requests. The FCA specifies that extension requests may be filed for review *in camera* and that when an intervention decision is made, the complaint will be unsealed:

> The Government may, for good cause shown, move the court for extensions of the time during which *the complaint remains under seal* under paragraph (2). Any such motions may be supported by affidavits or other submissions in camera. The defendant shall not be required to respond to any complaint filed under this section until 20 days *after the complaint is unsealed* and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

31 U.S.C. § 3730(b)(3) (emphasis added). Thus, while the FCA provides for the sealing of extension requests and their submission *in camera*, it says nothing of such requests being unsealed at any time. *See* 31 U.S.C. § 3730(b)(3). Indeed, the FCA only expressly requires the unsealing of the complaint and is silent as to whether the Government's motions for an extension of the intervention election period should be unsealed. *United States ex rel. Stephens v. Prabhu*, No. CV-S-92-653-LDG (LRL), 1994 WL 761236, at *1 (D. Nev. Dec. 9, 1994) ("Neither that section nor any other provision of the FCA, however, directs the court to unseal the motions for enlargement of time filed in camera."). Accordingly, the statutory terms create the inference that extension requests should remain under seal.

Even if the FCA does not mandate the sealing of the extension requests, compelling reasons support maintaining the seal over these requests. The strong presumption in favor of access to court records may be overridden upon a showing of "'compelling reasons supported by specific factual findings.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The FCA is the government's primary litigative tool for the recovery of losses sustained as a result of fraud against the United States. "The rationale behind sealing FCA cases is to allow the United States ample time to investigate the allegations." *United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011) (refusing relator's request to maintain seal on voluntarily dismissed qui tam but keeping the Government's extension filings sealed).

UNITED STATES OF AMERICA'S RESPONSE TO EX PARTE & UNDER SEAL ORDER REQUESTING FURTHER BRIEFING ON GOVERNMENT'S REQUEST TO UNSEAL
CASE 16-CV-7145-NC

2

In order to comply with the FCA's requirement of good cause for extending the seal, the Government has revealed with each of its extension requests the details and progress of its confidential investigations, including identifying additional investigation and analysis that it anticipated undertaking. As was the case here, the Government's requests for extensions of the seal informed the Court of the actions taken in furtherance of the investigations, the progress made, the agencies involved, the entities from which the Government sought documents and testimony, and its assessment of whether and what additional investigation is necessary and appropriate. Lifting the seal on these extension requests not only has the potential to reveal non-public investigatory techniques, decision-making processes, and reasoning in the government's fraud investigations, but would also restrict the Government's ability to provide detailed information to assist the Court in evaluating the progress of its investigation.

To protect against the possibility that its extension requests may be disclosed at a later point, the Government would have to strike a balance between making a sufficient showing of good cause and preserving the confidentiality of its investigative processes. The Government would need to predict, with each extension request, whether certain confidential information would be viewed as describing routine or general investigative procedures or non-substantive details, thus subjecting such information to public disclosure. To avoid making an incorrect prediction, and thus revealing confidential information, the Government would have to be far more circumspect in revealing the course of its investigations and its research and decision-making. In turn, this would hinder the Court's ability to evaluate good cause for extensions and impede the Government's ability to obtain extensions of the seal, resulting in disruptions to the Government's fraud investigations. For this reason, "[c]ourts have kept under seal documents that might jeopardize future investigations, included substantive details the disclosure of which would result in harm, revealed Government strategy, or revealed attorney thought processes." *United States ex rel. Powell v. Aerocare Holdings, Inc.*, No. 318CV00286BJBCHL, 2022 WL 829497, at *5 (W.D. Ky. Mar. 18, 2022) (collecting cases); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 192 (E.D. Mo. 1995) (declining to unseal the government's extension requests and the accompanying memoranda and affidavits because they "provide[d] some substantive details regarding the government's methods of investigation" and "there

UNITED STATES OF AMERICA'S RESPONSE TO EX PARTE & UNDER SEAL ORDER REQUESTING FURTHER BRIEFING ON GOVERNMENT'S REQUEST TO UNSEAL
CASE 16-CV-7145-NC

3

would be harm associated with disclosure of such details"); *United States ex rel. Ryan v. Endo Pharm., Inc.*, No. CIV.A. 05-3450, 2014 WL 5364908, at *3 (E.D. Pa. Oct. 22, 2014) ("As such, revealing this confidential information would greatly harm the Government's ability to identify and prosecute fraud."). The Court should reach the same result here and maintain the seal over the United States' requests to extend the seal and the intervention election period.

For the foregoing reasons, the United States respectfully requests that its seal extension requests and the accompanying Court orders remain under seal.

## II. Whether the Seal Should Be Maintained As to the Entire Action

Relator has submitted a broader request that the Court maintain the seal on this action in perpetuity. "'FCA [False Claims Act] cases are brought with the expectation that the pleadings will eventually be unsealed.'" *United States ex rel. Delgado v. Univ. of S. Cal.*, No. CV 15-0396 FMO (PJWx), 2015 U.S. Dist. LEXIS 88147, at *3 (C.D. Cal. July 6, 2015) (quoting *United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011)). "In fact, the rationale behind sealing FCA cases is to allow the United States ample time to investigate the allegations, and the FCA does not contain any language that suggests the purpose of sealing a case is to protect the relator's identity." *Durham*, 818 F. Supp. 2d at 67 (citing *United States ex rel. Herrera v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 784-85 (E.D. Mich. 2008); 31 U.S.C. § 3730(b)(2)).

Relator seeks to have the Court maintain the seal over his identity to protect him from the risk of professional harm. Relator Resp. at 2. The United States notes that the risk of retaliation ordinarily is not a basis for keeping a qui tam complaint under seal. *See Aerocare Holdings, Inc.*, 2022 WL 829497, at *3 (noting that district courts have "found that generalized fear of harm to reputation or of retaliation are not sufficient grounds to keep a complaint under seal").

For the foregoing reasons, the United States respectfully requests that the Court (1) maintain a partial seal over the Government's seal extension requests and the Court orders thereon; and (2) unseal all other filings in this action.

UNITED STATES OF AMERICA'S RESPONSE TO EX PARTE & UNDER SEAL ORDER REQUESTING FURTHER BRIEFING ON GOVERNMENT'S REQUEST TO UNSEAL
CASE 16-CV-7145-NC

4

|   |                        |     | Respectfully submitted,                                              |
|---|------------------------|-----|----------------------------------------------------------------------|
| 1 |                        |     |                                                                      |
| 2 |                        |     | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General      |
| 3 |                        |     | STEPHANIE M. HINDS                                                   |
| 4 |                        |     | United States Attorney                                               |
| 5 | Dated: May 27, 2022    | By: | /s/ *Michelle Lo*<br>MICHELLE LO                                     |
| 6 |                        |     | Assistant United States Attorney                                     |
| 7 | Dated: May 27, 2022    | By: | /s/ *Patrick Klein*<br>JAMIE ANN YAVELBERG                           |
| 8 |                        |     | SARA McLEAN<br>PATRICK KLEIN                                         |
| 9 |                        |     | Civil Division, U.S. Department of Justice                           |
| 10|                        |     | Attorneys for the United States of America                           |

**ECF ATTESTATION**

In accordance with Civil Local Rule 5(i)(3), I, Michelle Lo, attest that I have obtained concurrence in the filing of this document from all other signatories listed here.

UNITED STATES OF AMERICA'S RESPONSE TO EX PARTE & UNDER SEAL ORDER REQUESTING FURTHER BRIEFING ON GOVERNMENT'S REQUEST TO UNSEAL
CASE 16-CV-7145-NC

5

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of:

**United States of America's Response to *Ex Parte* and *Under Seal* Order Requesting Further Briefing on Government's Request to Unseal**

**<u>FILED UNDER SEAL</u>**

to be served this date upon the party(ies) as follows:

Justin Berger JBerger@cpmlegal.com

Niall McCarthy NMcCarthy@cpmlegal.com

\_\_\_\_ BY FIRST CLASS MAIL, by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this offices practice.

\_\_\_\_ BY PERSONAL SERVICE, (MESSENGER)

\_\_\_\_ FEDERAL EXPRESS

\_\_\_\_ FACSIMILE, (FAX) Telephone No.:

\_√\_\_ BY E-MAIL: I caused each such document to be sent by email to the person or offices of each address above.

\_\_\_\_ CERTIFIED MAIL, by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this offices practice.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: 5/27/22          /s/ *Tina Louie*
                        TINA LOUIE
                        Legal Assistant

Certificate of Service