United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LEFFEW,<br><br>    Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS INCORPORATED,<br><br>    Defendant. | Case No. 16-cv-07145-NC<br><br>**ORDER GRANTING THE GOVERNMENT'S MOTION TO SEAL; DENYING PLAINTIFF'S MOTION TO SEAL; UNSEALING THE CASE**<br><br>RE: ECF 47, 48 |

On December 28, 2021, the Government requested that certain parts of this qui tam action—the amended complaint, the summons, the Case Management Order, the Notice, the Notice's Proposed Order, and all future filings—be unsealed and that all other filings remain sealed. ECF 42 at 2. On April 28, 2022, the Court ordered the parties to respond to the Government's request and to file any proposed redacted documents. ECF 46 at 2. After reviewing the briefs, the Court DENIES Plaintiff Barry Leffew's request to seal the entire action; GRANTS the Government's motion to seal ECF 6, 7, 8, 11, 12, 20, 21, 22, 28–33, 36–41; and GRANTS the Government's motion to temporarily seal ECF 1.

## I.  LEFFEW'S REQUEST TO SEAL THE ENTIRE ACTION

In response to the Court's April 28 Order, Leffew requests to "seal the action in perpetuity" for good cause. ECF 47 at 2. Specifically, Leffew argues that the action should be sealed because: "(1) the case has been dismissed and (2) unsealing would cause harm to [Leffew] and have a chilling effect on whistleblowers." *Id.* The Government

1    opposes Leffew's request and argues that the "risk of retaliation ordinarily is not a basis
2    for keeping a qui tam complaint under seal." ECF 48 at 5.
3          The Court denies Leffew's request to maintain seal over the entire action because
4    the sealing request is not narrowly tailored. Civil Local Rule 79-5 requires a party to
5    "explore all reasonable alternatives to filing documents under seal, minimize the number
6    of documents under seal, and avoid wherever possible sealing entire documents (as
7    opposed to merely redacting the truly sensitive information in a document)." The Rules
8    further require that requests to seal be "narrowly tailored to seal only the sealable
9    material." Civil L.R. 79-5(c)(3). "The decision to seal the entire record of [a] case . . .
10   must be necessitated by a compelling governmental interest and [be] narrowly tailored to
11   that interest." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014). Here, Leffew
12   does not explore reasonable alternatives, such as redaction, nor attempt to minimize the
13   number of sealed documents. Instead, Leffew seeks to seal the entire action in perpetuity.
14         Additionally, Leffew's request fails to provide compelling reasons to overcome the
15   strong presumption in favor of public access. *See Kamakana v. City & Cty. of Honolulu*,
16   447 F.3d 1172, 1178 (9th Cir. 2006). Leffew first argues that the case should remain
17   sealed in its entirety because it has been "voluntarily dismissed with prejudice and will
18   never proceed on the merits." ECF 47 at 2. Leffew posits this action is a "non-case" in
19   which "nothing ever will come." *Id.* However, contrary to his assertion, the case was
20   voluntarily dismissed *without prejudice*. ECF 45 at 3. Thus, Leffew's claims could
21   "potentially be revived in future litigation." *See U.S. ex rel. Durham v. Prospect*
22   *Waterproofing, Inc.*, 818 F. Supp. 2d 64, 69 (D.D.C. 2011); *see also U.S. ex rel. Grover v.*
23   *Related Cos., LP*, 4 F. Supp. 3d 21 (D.D.C. 2013) (finding documents and allegations
24   central to litigation of a relator's False Claims Act claims could be revived in future
25   litigation because the case was dismissed without prejudice). Thus, Leffew's dismissal of
26   the case is not a compelling reason to maintain the seal.
27         Second, Leffew argues that the case should remain sealed in its entirety because the
28   public policy in favor of public accountability does not apply. ECF 47 at 2. However, the

2

"courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents;" this right is not conditional. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 589 (1978). To overcome this presumption of access, a plaintiff must articulate compelling reasons that "outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79. Leffew fails to make such a showing.

Here, Leffew argues against the public right of access because the case was "never substantively engaged" by the Court. ECF 47 at 2. As an initial matter, the Court's degree of engagement is not a condition of the public's general right of access. *See Nixon*, 435 U.S. at 589. Further, lack of engagement is not a compelling reason to overcome the presumption of access. *See Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. 598) (finding compelling reasons exist when "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets"). Thus, the Court is not persuaded that the public policy in favor of access does not apply.

Third, Leffew argues that the case should remain sealed in its entirety because unsealing the case would risk "personal harm" to his professional reputation. ECF 47 at 3. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Fear of potential economic harm and reputational damage is insufficient to overcome the presumption of access. *U.S. ex rel. Eberhard v. Angiodynamics, Inc.*, Case No. 3:11-CV-556, 2014 WL 2155327, at *2 (E.D. Tenn. May 17, 2013).

Here, Leffew filed his action under the False Claims Act. The Act provides that a complaint will remain under seal while the Government decides whether to intervene. 31 U.S.C. § 3730(b)(2)–(3). This temporary sealing provision is not to protect the plaintiff, but to enable the Government to investigate the action prior to notifying the Defendant. *State Farm Fire & Cas. Co. v. U.S. ex rel. Rigsby*, 137 S. Ct. 436, 443 (2016); *see also*

3

*U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011) ("the rationale behind sealing FCA cases is to allow the United States ample time to investigate the allegations, and the FCA does not contain any language that suggests the purpose of sealing a case is to protect the relator's identity"). Additionally, the False Claims Act includes a "relief from retaliatory actions" provision to protect whistleblowers from current or future employers who discharge, demote, suspend, threaten, harass, or in any other manner discriminate against them in the terms and conditions of their employment because of lawful acts done by the employee in furtherance of an action under the Act. 31 U.S.C. § 3730(h). Thus, Leffew's argument that his professional reputation will be harmed is not a compelling reason to maintain the seal.

Because Leffew does not narrowly tailor his request to seal nor provide any compelling reasons to overcome the strong presumption in favor of access, the Court DENIES Leffew's motion to maintain the seal over the entire action.

## II. THE GOVERNMENT'S REQUEST TO SEAL CERTAIN DOCUMENTS

In response to the Court's April 28 Order, the Government requests to keep under seal its sealing extension requests. ECF 48 at 2. The Government argues that unsealing the sealing requests would "reveal non-public investigatory techniques, decision-making processes, and reasoning in the government's fraud investigations" and would "restrict the Government's ability to provide detailed information to assist the Court in evaluating the progress of its investigation." *Id.* at 4 (citing *Brunson v. Lambert Firm PLC*, 757 F. App'x 563, 566 (9th Cir. 2018)). The Court is persuaded that the Government's reasons for sealing are compelling and narrowly tailored. Thus, the Court GRANTS the Government's request to maintain seal over its sealing extension requests.

The Government also requests that the original complaint remain under seal to permit Leffew to propose redactions. ECF 42 at 2. Leffew echoed this request in his response to the Court's order but did not propose redactions to the original complaint. ECF 47 at 4. Accordingly, the Court will maintain the original complaint under seal until July 8, 2022. If Leffew would like to redact portions of the original complaint, he is to file

4

his proposed redactions by July 8, 2022. If Leffew does not propose redactions by July 8, the Court will unseal the original complaint.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Leffew's request to seal the entire action and GRANTS the Government's request to seal only: ECF 6, 7, 8, 11, 12, 20, 21, 22, 28–33, 36–41. Furthermore, the Court GRANTS the Government's request to maintain the original complaint, at ECF 1, under seal until July 8, 2022, for Leffew to propose redactions.

Accordingly, the Court ORDERS the Clerk's Office to UNSEAL the entire case, except: ECF 1, 6, 7, 8, 11, 12, 20, 21, 22, 28–33, 36–41.

**IT IS SO ORDERED.**

Dated: June 24, 2022  _____
NATHANAEL M. COUSINS
United States Magistrate Judge